STATE ex rel. WALLACE B. DOUGLAS v. CHARLES GRABARKIEWICZ.[1]

December 5, 1902.

Nos. 13,247—(161).

**Municipal Ordinance—Police.**

Certain provisions of the charter of the city of Owatonna considered, and *held*, that an ordinance providing for the appointment of night policemen by the mayor, subject to the approval of the common council, is valid.

Proceeding in the nature of quo warranto, on information of the attorney general, in the district court for Steele county, to determine the right of defendant to exercise the office of night watchman in the city of Owatonna. From an order, Buckham, J., overruling a demurrer to the information, defendant appealed. Affirmed.

*P. McGovern* and *C. J. O'Brien,* for appellant.

*Sawyer & Sperry,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Steele overruling a demurrer to the information herein in the nature of quo warranto.

The precise question to be determined is whether the appointment of a night watchman or policeman for the city of Owatonna is vested by the charter and ordinances of the city in the common council or in the mayor. The charter (Sp. Laws 1875, c. 7) is a public act, and imposes upon the mayor of the city the duty of enforcing the laws of the state and the ordinances of the city, and of executing all acts that may be required of him by any ordinance enacted in pursuance of the charter. The mayor and aldermen

[1] Reported in 92 N. W. 446.

constitute the common council of the city, which is given power "to establish, regulate and support night watches, when necessary, prescribe their duties, and to regulate the police force of the city," to require other duties to be performed by any officer whose duties are prescribed by the charter, and to appoint such other officers as may be necessary to carry into effect the provisions of the charter. Sp. Laws 1875, c. 7, art. 3, § 2, and article 4, §§ 5, 8.

It appears from the allegations of the information that in 1878 the common council enacted an ordinance providing for the appointment by it of night policemen, and prescribed their duties,— one of which was to obey all lawful orders and directions of the mayor; that in 1889 this ordinance was amended so as to provide for the appointment of such policemen by the mayor, subject to the approval of the common council; that thereafter, and until April, 1902, the mayor, pursuant to the ordinance as amended, appointed such policemen with the approval of the common council, when it refused to recognize his right to make such appointment, and proceeded to appoint the appellant herein as such officer; and, further, that he accepted the appointment, and now claims to exercise the duties of such office by virtue of such appointment.

It is the claim of the appellant that the power of appointment to such office was vested by the charter solely in the common council, and that it could not delegate such power to the mayor; hence the amendment to the ordinance is void. If it be true that the charter so vested such power to appoint in the common council, the conclusion is correct. But the charter does not so vest such power in the common council, for it grants to the council plenary power to provide for night policemen or watches, when necessary, and prescribe their duties. How such office shall be filled in case it is created, or how or by whom the incumbents thereof shall be appointed, the charter is silent. No method for the exercise of the power having been prescribed, the common council were authorized to adopt any reasonable and practicable method for the selection of proper persons to fill such office as it deemed wise. The provision of section 8, which authorizes the

council to appoint such other officers as may be necessary to carry into effect the provisions of the charter, obviously has no reference to night policemen or watches, for such officers had been expressly mentioned in the preceding section of the charter.

We are of the opinion that the ordinance here in question is valid, and that, so long as it is in force, the power of appointing night watches or policemen is vested in the mayor of the city, subject to the approval of the common council, and that such policemen are public officers within the rules applicable to quo warranto. The allegations of the information do not show a vacancy in office which the common council had authority to fill.

Order affirmed.